TEXAS CENTRAL RAILROAD COMPANY v. F. A. HARBISON.

No. 1395.   Decided March 20, 1905

**Railway—Lighting Depot Grounds—Duty to Express Company's Servant.**

A railway company did not owe a duty to the employe of an express company to light the grounds adjacent to its depot, for his protection, at other times than when trains arrived, though it permitted express matter to be stored in its depot and such employe to visit and use the grounds at all hours; and a charge permitting the jury to find a failure to so light the grounds to be negligence was error.   (Pp. 491-493.)

Error to the Court of Civil Appeals for the Second District in an appeal from Eastland County.

Harbison sued the railway company for personal injuries alleged to be caused by its negligence, and recovered judgment which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*J. A. Kibler, W. E. Conner,* and *Clark & Bolinger,* for plaintiff in error.—The court below erred in submitting to the jury the issue of negligence as pleaded by plaintiff to the effect that the defendant failed to furnish lights at its depot, it not being shown by the evidence that the defendant was under any legal or moral obligation to furnish lights at its depot or about its premises at the time of said accident for the benefit of this plaintiff; and in this connection the court erred in refusing defendant's special charge to the effect that the jury should not consider any proofs of the want of lights about defendant's depot, it not appearing that the defendant had incurred any obligation in any manner to furnish plaintiff lights, or that he had requested or demanded any lights in conducting the express business in which he was engaged at the time.

Houston & T. C. Ry. Co. v. Sgalinski, 19 Texas Civ. App., 108; Gaynor v. Railway Co., 110 Mass., 208; Morgan v. Railway Co., 7 Fed. Rep., 79; Parker v. Pub. Co., 31 Am. Rep., 262; Hounsell v. Smyth, 97 Eng. C. L. Rep., 731; Jeffersonville, M. & I. Ry. Co. v. Goldsmith, 47 Ind., 43; Cahill v. Layton, 46 Am. Rep., 46; Evansville & T. H. Ry. Co. v. Griffin, 100 Ind., 221; Vanderbeck v. Hendry, 34 N. J. L., 467; Wilkinson v. Fairrie, 32 L. J. Ex., 73; Gaubret v. Egerton, L. R. 2 C. P., 371.

*B. W. Patterson* and *Scott & Brelsford*, for defendant in error.— Where it is shown that, by reason of the surroundings, the place of the accident was an unusually dangerous and hazardous crossing; that it was the only crossing over which all persons and vehicles must pass in going to and from defendant's depot; that a great many people and vehicles did pass over such crossing both day and night; and where it is shown that the engine was being operated along the switch after night with no headlight, or if any, a very dim one, it was a question for the jury to determine whether or not it was negligence on the part of the defendant in failing to have, while operating such engine, a light at the crossing where the injury occurred. Missouri K. & T. Ry. Co. v. Magee, 92 Texas, 620; Central T. & N. W. Ry. Co. v. Gibson, 79 S. W. Rep., 352; Central T. & N. W. Ry. Co. v. Gibson, 83 S. W. Rep., 862.

BROWN, ASSOCIATE JUSTICE.—The honorable Court of Civil Appeals did not file conclusions of fact in this case, and we are under the necessity of resorting to the statement of facts in order to determine the question presented by this application. Giving to the evidence the construction which would support the judgment of the court, we find that the following facts were proved by the plaintiff: At Cisco, Texas, the Texas & Pacific Railroad and the Texas Central Railroad intersect, the former running practically east and west and the latter north and south. On the south side of the Texas & Pacific track and west of the intersection a switch track leaves the Texas & Pacific main track running east and south to a connection with the Texas Central main track at a point south of the intersection, thus forming a triangular space between the two main tracks and switch. Within this space was located the depot building for both of the roads and a small park which was inclosed by posts and iron railing. The only approach for vehicles to the depot from the town was by crossing the switch track and entering the triangular space, and all wagons and carriages going to the depot crossed the switch at this point. Many people in wagons and carriages and on foot passed over this ground both in the day and night time. Each of the railroads carried express matter for the Pacific Express Company, and the agent of the Texas Central Company had given that express company permission to deposit its freight and packages in the baggage room of the depot, a key being furnished to Harbison, who was the delivery man of the express company. It was Harbison's duty, as delivery man, to gather up

the express matter which was to be shipped out of the city, transport it to the depot and deliver it to the railroad company, and to receive such freight or matter as was brought by the express company to the city and to deliver the same to the consignees. On the day when the injury occurred to Harbison he was engaged in his regular employment of hauling freight for the Pacific Express Company to the depot to be delivered to each of the said railroads, and about 7 p. m., after dark, he drove his wagon loaded with express matter in the usual way across the switch into the angle, and was unloading his freight, when he saw the reflection of a light which attracted his attention, and going to his team he discovered that his horse was frightened and he seized the bit, attempting to lead the horse across the switch, so as to get out of the way of the approaching engine. Before he cleared the switch, a locomotive which belonged to the Texas Central Railroad, going from the west to the east, struck his wagon and demolished it, crippled the horse and seriously injured Harbison. There was no bell ringing upon the locomotive nor was the whistle blown at any time. The headlight upon the locomotive was very dim, so that an object could not be seen more than twenty feet from the head of the locomotive. There was no light in the depot building, or upon any part of the depot grounds, so as to light the place where Harbison was. There was no express train due on either road at that hour. Two trains were due to pass on the Texas & Pacific during the night, one going east and the other west, but the time at which they were due is not shown by the testimony. An express train was due to arrive on the Texas Central Railroad at 10 p. m., and to leave at 6 a. m.

Among other things, the court charged the jury as follows: "If you find from the evidence that the defendant, at the time of the plaintiff's injuries, had no light to light up its depot grounds, and had no good and sufficient headlight on its locomotive, and that said failure to light said depot grounds or failure to have good and sufficient headlights on its locomotives were acts of negligence on the part of defendant, and that said negligence, if any, was the proximate cause of the plaintiff's injuries; and if you further find from the evidence that the plaintiff was not himself guilty of negligence which proximately contributed to the cause of his injuries, then you will find for the plaintiff," etc. The jury returned a verdict in favor of the plaintiff, Harbison, upon which the trial court entered a judgment which was affirmed by the Court of Civil Appeals.

Harbison was not in the employ of the Texas Central Railroad Company at the time he was injured, neither had the railroad company made any contract with him to furnish a light upon its depot grounds to enable him to perform his work for the express company. The time at which Harbison was injured was not such as he was authorized to go to the depot to transact business with the railroad company; on the contrary, no train was due at that hour nor, according to the testimony, for several hours thereafter, but the defendant in error was by permission of the

railroad company and for his own accommodation engaged in storing freight and express packages to await the arrival of the trains. The facts of this case do not show that the plaintiff in error was under any obligation to Harbison to light its ground or depot at that hour, hence a failure to furnish such light could give no right of action to Harbison although his injuries may have resulted from a want of light at the time and place. Galveston H. & S. A. Ry. Co. v. Ryon, 70 Texas, 58; 1 Shearm. & Redf. on Neg., sec. 8. The author cited, defining negligence, says: "The first element of our definition is a duty. If there is no duty there can be no negligence. If the defendant owed a duty but did not owe it to the plaintiff, the action will not lie."

There are many other questions presented by the application, but for want of a finding of the facts by the Court of Civil Appeals we are unable to pass upon them.

The trial court erred in giving the charge quoted and the Court of Civil Appeals erred in affirming the judgment of the District Court, for which errors the judgments of the District Court and of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*