## INDEPENDENT EASTERN TORPEDO CO. v. CARTER.

### No. 1926.

Court of Civil Appeals of Texas. Eastland.
July 7, 1939.

Ben J. Dean, of Breckenridge, for appellant.

Fred O. Jaye, of DeLeon, for appellee.

FUNDERBURK, Justice.

J. F. Carter sued Independent Eastern Torpedo Company to recover damages alleged to have been caused by negligence of the defendant in shooting an oil well belonging to the plaintiff. The alleged negligence of the defendant consisted of the use of too short a fuse on the exploding squib; the use of too large a flag (to guide the descent of the squib), and the placing of too much water in the well so that it came up above the bottom of the casing.

The defendant alleged three grounds of contributory negligence. In a jury trial judgment upon the verdict of the jury in favor of plaintiff was rendered for the sum of $1,615. The defendant has appealed. The parties will be referred to as plaintiff and defendant, the same as in the trial court.

By special exception the defendant challenged the sufficiency of plaintiff's Third Amended Original Petition (trial pleading) on the ground that it alleged no duty of the defendant to place water in the well preparatory to shooting the same. Plaintiff alleged, in substance, that Tige Frogge, defendant's shooter, poured water into the well in such an amount that it came up into the casing; that it was customary practice in shooting a well to place water therein before exploding the main charge of explosives; that ordinary care and skill require only "a small amount of water should be placed therein and that should be done by the use of a bailer; but under no circumstances should water be poured into a well as was done by said Tige Frogge at the time in question, and under no circumstances should said water be in such quantity as to bring the same up to and into the casing in said well; that to do so is an act of negligence" etc. There was no allegation of facts to support a legal conclusion that it was the duty of the defendant to place any water in the well. Absent any basis for such a conclusion, there was

therefore no fact alleged to support an implication of any duty on the part of defendant to use care in placing the proper amount of water in the hole.

■ If a fact, it is not believed to be a fact of which the court can take judicial knowledge, that the employment by a well owner of a Torpedo Company to shoot a well, implies, by virtue of such relationship alone, any duty on the part of the latter owing to the former to place water in the well in proper manner and amount before shooting. An applicable legal proposition is: "There can be no actionable negligence in the absence of some duty which has been neglected or violated, and hence in order that a person may have a cause of action on account of an injury to person or property resulting from negligence it is necessary that the act or omission complained of should have involved some breach of duty owed to him or to the person whom he represents by the person of whose negligence he complains." 45 C.J. p. 639, § 16. Texas decisions cited in support of the text (to mention only decisions of the Supreme Court and Commission of Appeals) are Denison Light & Power Co. v. Patton, 105 Tex. 621, 154 S.W. 540, 45 L.R.A.,N.S., 303; San Antonio Gas & Electric Co. v. Ocon, 105 Tex. 139, 146 S.W. 162, 39 L.R.A.,N.S., 1046; International & G. N. Ry. Co. v. Vallejo, 102 Tex. 70, 113 S.W. 4, 115 S.W. 25; Texas Central Ry. Co. v. Harbison, 98 Tex. 490, 85 S.W. 1138; Galveston, etc., Ry. Co. v. Brown, 95 Tex. 2, 63 S.W. 305; Galveston, etc., Ry. Co. v. Gormley, 91 Tex. 393, 43 S.W. 877, 66 Am.St.Rep. 894; Comanche Duke Oil Co. v. Texas Pac. Coal & Oil Co., Tex.Com. App., 298 S.W. 554; Koons v. Rook, Tex. Com.App., 295 S.W. 592. In T. J. Mansfield Const. Co. v. Gorsline, Tex.Com. App., 288 S.W. 1067, 1070, it was declared: "An essential element of negligence is a duty; if there is no duty there can be no negligence. To constitute negligence there must appear duty on the part of the plaintiff in error to the party injured and legal non-performance of that duty." As well said by Chief Justice Key in Freeman v. Nathan, Tex.Civ.App., 149 S.W. 248, 254: "Negligence is not the mere failure to act with ordinary prudence. Such failure alone never can give rise to a cause of action or constitute a ground of defense. Negligence is the breach of a duty. It is doing something which duty to another requires not to be done, or omitting to do something which duty requires to be done."

■ With the true relation of legal duty and negligence thus well established, it is not difficult to anticipate what must be the rule of pleading as affected thereby. "The declaration, complaint, or petition must show the existence of a legal duty on the part of the defendant to exercise care as to the person or property injured, at the time and place of the injury; it must allege facts showing a duty owing by defendant to the person injured to do or not to do the thing complained of as the proximate cause of the injury. It is insufficient to allege merely that the defendant negligently performed or failed to perform certain acts, whereby the injury was caused, without an allegation showing defendant's duty in the matter." 45 C.J. 1060, § 630. Some Texas decisions are cited and many more exist as support for such statement of the law. The concluding clause of the paragraph above quoted is "although there is some authority against the strict application of this rule." No Texas decisions are cited as authority for that statement.

The question next occurs: *How* must the duty be alleged? Needless to say, the pleader should state facts (conclusions of fact) "in contradistinction to a statement of evidence, of legal conclusions, and of arguments." District Court Rule 2, 142 S.W. xvii; R.S.1925, Art 1997. "The sufficiency of the pleading of such duty", to quote further from Corpus Juris, "must be determined upon the facts from which the duty is deduced; and in order to be sufficient the duty of care on the part of defendant must be shown by an allegation of facts from which the duty follows as a matter of law. It is sufficient to state facts from which the duty so arises without showing the details and if such facts are stated it is not necessary to allege the manner in which the duty was imposed. So, also, if the facts stated show a legal duty of care, an express allegation of such duty is not necessary and if such an allegation is made it may be treated as surplusage, for if the particular facts stated raise the duty the allegation is not necessary and if they do not it is unavailing. A mere general allegation of the existence of such duty without a statement of facts from which the duty arises is insufficient as being merely a statement of a legal conclusion." 45 C.J. p. 1061, § 631.

In San Antonio & A. P. Ry. Co. v. Morgan, 92 Tex. 98, 102, 46 S.W. 28, 29, the court, in sustaining a general demurrer to a petition attempting to allege a cause of

action for negligence involving the attractive nuisance doctrine, said: "In order to state a cause of action against the defendant in a case like this, the facts alleged in the petition must show (1) *a duty owed by defendant to the party injured;* (2) a failure on part of defendant to exercise the degree of care required of it by law in the performance of that duty. *It takes both to constitute negligence."* (Italics ours) That decision has subsequently more than once been re-affirmed by the Supreme Court. Stamford Oil Mill Co. v. Barnes, 103 Tex. 409, 128 S.W. 375, 31 L.R.A.,N. S., 1018, Ann.Cas.1913A, 111; Denison Light & Power Co. v. Patton, supra. In the last cited case it was said [105 Tex. 621, 154 S.W. 541]: "Negligence is constituted only through failure to discharge a duty." In Dobbins v. Missouri, K. & T. Ry. Co., 91 Tex. 60, 62, 41 S.W. 62, 63, 38 L.R.A. 573, 66 Am.St.Rep. 856, it was declared to be the law that "If there be no duty, the question of negligence is not reached, for negligence can in law only be predicated upon a failure to use the degree of care required of one by law in the discharge of a duty imposed thereby."

In re-affirmance of that declaration of the law the court in Wichita County Water Imp. Dist. No. 1 v. Curlee, 120 Tex. 103, 35 S.W.2d 671, held a petition subject to general demurrer on the ground that it alleged no facts showing the existence of a legal duty although it duly averred acts denominated negligence and a proximate cause of the death of plaintiff's cattle. It was further held that an averment that plaintiff's cattle were "rightfully upon plaintiff-in-error's right of way at the time they were killed" being but a legal conclusion and the only facts alleged not supporting the conclusion, was not sufficient as an allegation of legal duty.

The above authorities leave no escape, we think, from the conclusion that as to the particular ground or grounds of negligence involving the manner of placing the water in the well, and excessive amount of water, plaintiff's petition was subject to the special exception urged.[1]

There were two other grounds of asserted negligence, one, the use by the shooter of a fuse alleged to be too short, and the other, the use of an excess amount of cloth (part of a sack) as a flag attached to the squib used in exploding the nitroglycerine in the well. The alleged effect of the first was to cause the explosion prematurely; that is, before the squib had reached the intended place in the well; the other, the same by slowing down the speed of the descent of the squib, resulting in the explosion above the place intended.

Plaintiff alleged "that when said squib was dropped into the said well *in addition* to the fuse being too short and the fall thereof being retarded by said sack (flag) that said squib was *further retarded* and the speed of its fall almost broken when it reached the surface of the water which had been placed in said well, thereby causing same to prematurely explode, ruining and collapsing the casing in plaintiff's well as above stated." (Italics ours.) Thus the contention of plaintiff himself is shown to be that the several alleged grounds of negligence were concurring causes of the injuries. Eliminating consideration of the effect of the alleged excess amount of water in the well and the manner of placing it therein, it is clear, we think, there was no evidence sufficient to support a finding of either or both of the other grounds of negligence or that same were causes of the injuries. The error, therefore, of the court in overruling the special exception cannot be regarded as harmless.

---

[1] A careful reading of the authorities discussed will avoid the possible misapprehension that this opinion is any support for a proposition to the effect that any pleading which makes no mention of duty, in averring a cause of action for negligence, is subject to exception. Sometimes the simple statement of the relation of the parties in connection with the facts of the injury will imply the required legal duty. By way of illustrating this point, Judge Denman said in San Antonio & A. P. Ry. Co. v. Morgan, supra, "The law imposes upon the carrier certain duties towards his passenger, upon an employer certain duties towards his employé, and upon a person traveling a public street or highway certain duties towards others thereon, for the reason that these various relations of persons to each other are lawful. Hence, when facts are alleged showing the particular relation, the duty follows as a matter of law." In the instant case, although no unlawful relationship is involved, it is nonetheless true that neither the mere facts of the relationship, nor any other facts alleged either express or imply the duty in question. The special exception pointed out this omission.

Defendant requested, in proper form, submission of an issue of unavoidable accident, which was refused. This action is assigned as one of the grounds of error. Under the decisions it was error, unless it can be said there was no evidence to raise the issue. The court submitted issues designed to elicit findings of whether certain alleged acts of defendant constituted negligence and proximate causes of the explosion, and also whether certain alleged acts of the plaintiff constituted negligence and proximate causes of the explosion.

There was affirmative evidence[2] which the jury had the right to believe—thereby rejecting as untrue evidence to the contrary

---

[2] It is to be noted that the conclusion stated is premised upon the existence of *affirmative* evidence of a cause of the explosion, other than the acts alleged as negligence of the defendant or the plaintiff. The writer expressing in this note his individual views, not to be considered, of course, as a part of the court's opinion, desires to say that in his opinion affirmative evidence is unnecessary to raise the issue (so-called) of unavoidable accident. This statement is made in recognition and acceptance, provisionally, as a premise, of the doctrine of the Rowe case, Colorado & S. Ry. Co. v. Rowe, Tex.Com.App., 238 S.W. 908. See Minority Opinion in Traders & General Ins. Co. v. Wright, Tex.Civ.App., 95 S.W.2d 753, and note to Wright v. McCoy, Tex. Civ.App., 110 S.W.2d 223. Upon that premise and the accepted definition of "unavoidable accident" the proposition is logically unassailable, I think, *that in all cases wherein there are controverted issues of fact, of defendant's negligence as proximate cause of an injury and of plaintiff's negligence as proximate cause of the injury, the issue of unavoidable accident also necessarily arises as an issue of fact.*

In Dallas Ry. & Terminal Co. v. Darden, Tex.Com.App., 38 S.W.2d 777, 779, it was said: "An unavoidable accident is one which is not occasioned in any degree, either directly or remotely, by the want of such care or prudence as the law holds every man bound to exercise. If the accident complained of could have been prevented by either party, by the use of means suggested by common prudence, it was not unavoidable." This, while obviously more resembling a proposition of law than the mere definition of a legal term, has quite generally been approved as a correct definition of unavoidable accident. However, simpler equivalents have also been approved. For instance, in Thurman v. Chandler, 125 Tex. 34, 81 S.W.2d 489, 491, the court, after quoting approvingly the above from the Darden case as a definition said: "In other words, an accident which happens without fault on the part of either party is classed in law as unavoidable." As authority for such equivalent, Texas & P. Ry. Co. v. Edwards, Tex.Com.App., 36 S.W.2d 477, 480, was cited in which case it was said:

"If neither party was negligent, and the collision occurred without fault to [of (?)] either party, then the accident would in law be classed as unavoidable." Another simple equivalent of the definition in the Darden case was given in Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956, 958, as "an event which occurs without the negligence of the plaintiffs or the defendant." Another equivalent was said in Dallas Ry. & T. Co. v. Price, 131 Tex. 319, 114 S.W.2d 859, 860, to be "An event which occurs without having been proximately caused by the negligence of the defendant * * * or of the plaintiff." One or more tests have been declared which for the purpose of the present discussion are perhaps of equal value with definitions. Thus in Orange & N. W. R. Co. v. Harris, 127 Tex. 13, 89 S.W.2d 973, 974, the test is said to be "whether there is presented a theory under which the accident could have happened, notwithstanding all the parties to the transaction exercised the degree of care required by law."

Under the accepted definitions and tests it may be confidently asserted that all possible causes of injuries to persons or property, the subject of a claim for damages for negligence, are susceptible to a classification as follows: (1) Negligent acts or omissions of defendant; (2) negligent acts or omissions of plaintiff; (3) all other possible causes of the injury. In other words, all possible causes of such injuries are "unavoidable accidents" unless (a) the cause or causes be one or more negligent acts or omissions of the defendant and/or of the plaintiff.

Every court must be charged with judicial knowledge that there is some cause for every injury. It follows, that every court must know judicially that if the cause of an injury be neither the negligence of the defendant nor of the plaintiff, it is necessarily under the accepted definition thereof an unavoidable accident. A plaintiff in bringing his damage suit for negligence assumes the burden of pleading and of proving, by a preponderance of the evidence, that the injury for which he seeks to recover damages was caused by one or more acts or omissions of (or chargeable to) the defendant. The defendant by way of defense may, or may

—sufficient to warrant the conclusion that neither any of the acts charged as negligence of the defendant, nor any of the acts charged as negligence of the plaintiff

not, assume the burden of pleading and of proving, by a preponderance of the evidence, that the same injury was caused by one or more negligent acts or omissions of (or chargeable to) plaintiff. All such causes of injury (whether the alleged negligence of the defendant or of the plaintiff) as are supported by evidence, but not conclusively established by evidence, are required to be submitted to the jury as issues. No issue should be submitted unless the jury would be warranted in answering it either way—in favor of the plaintiff or in favor of the defendant. Upon all properly submitted issues designed to elicit findings to the effect that an injury in question was caused by alleged negligent acts or omissions of (or chargeable to) defendant, a mere absence of any evidence that they were so caused would, not only support but require, a finding to the effect that they were not so caused. Upon similar issues designed to elicit findings to the effect that the injury was caused by alleged negligent acts or omissions of (or chargeable to) plaintiff, so also, would a mere absence of evidence support and require findings that the injury was not so caused. In all cases in which the evidence raises issues of fact as to whether particular injuries were caused (a) by alleged negligence of the defendant and/or (b) alleged negligence of the plaintiff, the jury is warranted in finding, upon the whole, that such injuries were caused neither by any negligence of the defendant nor of the plaintiff. Then just as certainly as the injury had a cause, it, if not caused by the negligence of the defendant or the plaintiff, was caused by (or itself was) an unavoidable accident. It is a logical impossibility that there could be in any case (a) issues of fact as to whether negligence of the defendant caused the injury, and (b) issues of fact as to whether negligence of the plaintiff caused the injury, and also (c) no issue of fact as to whether the injury was (or was caused by) unavoidable accident.

To take the simplest case for an example,—A sues B alleging a relationship, or other facts showing the existence of a duty owing by B to A, an act or omission which constituted a violation of such duty, or in other words, that the act or omission was negligence and that same was the proximate cause of the injury. B answers only by a general denial. Of all possible causes of the alleged injury, A assumes the burden of proving by a preponderance of the evidence that the cause was the particular act or omission of (or chargeable to) the defendant, as

alleged by him. As to A, it is immaterial what was the cause of the injury, unless it was the alleged act or omission of the defendant. If the cause was a negligent act or omission of his own, he cannot recover. If the cause was any other of all possible causes, than the particularly alleged negligent act or omission of B, he cannot recover. If A fails to offer any evidence that the cause of his injury was the negligence of B the legal effect is to eliminate the negligence of B as a cause of the injury. In such event, the injury was necessarily caused either by the negligence of A or by (or was) an unavoidable accident, and it is immaterial to inquire which. If A offers some evidence to prove, but not conclusively, that the cause of the injury was the alleged negligence of B the only question before the jury, in the absence of any plea by B of contributory negligence, would be (1) was the injury caused by the negligence of B, or (2) was the injury the result of some other cause? If B has tendered issues of contributory negligence and there is some evidence to support the same, then the jury will inquire (1) was A's injury caused by B's negligence? (2) Was A's injury caused by his own negligence? (3) Was A's injury caused by (or was it, itself,) an unavoidable accident? In any case, mere absence of evidence or deficiencies in the evidence to show that the injury was caused by B's negligence will be on a parity with affirmative rebuttal evidence tending to show that the injury was not caused by B's negligence.

The whole of the evidence will be classified thus: (1) Evidence tending to show that the injury was caused by B's negligence; (2) evidence tending to show that the injury was caused by A's negligence; (3) evidence tending to show that the injury was caused neither by the negligence of B nor of A. But it is a true and important fact that the latter may be wholly negative. The mere weakness of the evidence may warrant the verdict that the injury was not caused by the negligence of B. So also, the mere weakness of the evidence may authorize a finding that it was not caused by the negligence of A. Then if the issue of unavoidable accident be submitted, with the other issues, the jury would, perforce of the very definition of the term unavoidable accident be required to find that the injury was caused by (or was) an unavoidable accident, if it was found not to have been caused by the negligence of the defendant or the plaintiff. Since the injury must have had a cause it would be im-

caused the prematurity of the explosion or the explosion to occur in the wrong place.

There was evidence to support a conclusion that instead of a premature ex-

possible for the jury to be warranted in finding that such cause was not the negligence of the defendant, and was not the negligence of the plaintiff, and yet not be warranted in finding that it was an unavoidable accident. The very same evidence, or want, or weakness of evidence, having the effect to raise issues of fact as to whether defendant's negligence and/or plaintiff's negligence caused the injury raises, as an issue of fact, whether the injury was (or was caused by) unavoidable accident.

It is deemed unprofitable to collate and cite the considerable number of cases in which it has been held that the evidence did not raise an issue of unavoidable accident. Perhaps as long a list of decisions may be found in which the holding was that the evidence did raise such issue. Only one case so far as the writer has found recognizes the proposition which it has been our endeavor herein to establish that if issues of fact are raised as to defendant's negligence and as to plaintiff's negligence as causes of the injury, then an issue of unavoidable accident is necessarily raised. Wichita Valley R. Co. v. Southern Casualty Co., Tex.Com.App., 284 S.W. 940, 941. In that case the court said: "The court defined 'unavoidable accident' as being 'an accident that is not contributed to by the negligence of either party.' The defendant in error in its petition tendered the issue as to whether the accident was proximately caused by the negligence of plaintiffs in error. On this tender issue was joined. Issue on the question of contributory negligence was also joined by the pleadings. *These issues necessarily presented the question as to whether the accident was 'contributed to by the negligence of either party.'*" (Italic ours)

The opinion was adopted by the Supreme Court. The only warrant for any contention that it has been overruled is a mere inconsistency in subsequent opinions, which make no mention of it. When plain common sense and reason are reinforced by an opinion of the Supreme Court, never overruled except by such implications as arise from mere inconsistent holdings the writer feels justified in adopting that interpretation of the law dictated by common sense and reason.

It may be argued that decisions which have held that the issue of unavoidable accident was not raised by the evidence are distinguishable from decisions which have held that such issue was raised upon the theory that, in the former, while

the court could not determine as a *question of law* that the injury was caused by the negligence of the defendant, or that it was caused by the negligence of plaintiff; yet the court could determine *as a matter of law* that the injury was caused by one or the other; while in the latter the court could not determine *as a matter of law* that the injury was caused by one or the other. If so, there is a well recognized principle which if not ignored, but given effect, operates to deny the validity of such ground of distinction. The principle referred to may be simply stated thus: The answer of a jury to one issue can never be made conclusive of a right of a party to have another issue made by the pleadings and evidence submitted which the court refused to submit. In applying this principle, it was said in Thurman v. Chandler, supra, "It is no answer to say that the findings on other issues actually submitted to the jury amounted to a finding on an issue not submitted. The conditions as they existed before not after the verdict must control." If abstractly speaking, it can be said in a particular case as a matter of law that the injury was caused either by the negligence of the defendant or the negligence of the plaintiff or both, and was, therefore, not otherwise caused; yet there is no practical way of dealing with such a situation as a question of law. Undoubtedly, the jury may find that the injury was not caused by any negligence of the defendant. It may also find that it was not caused by any negligence of plaintiff and there would exist no means of revising such findings. It could not be determined as a matter of law which finding was wrong. Nor do I think that for that reason alone it should be held that both are wrong. The findings would be conclusive and being so would necessarily conclude the proposition that a finding to the effect that the injury was (or was the result of) an unavoidable accident was fully warranted, and if the issue was submitted and so found the finding would be supported by the evidence. Hence, the conclusion of the writer that the test of whether an issue of unavoidable accident is raised is not whether there be *affirmative* evidence of some other *particular or known cause of the injury*. On the contrary, the issue is raised by any element of inconclusiveness in the evidence raising the issues of defendant's negligence and plaintiff's negligence as proximate causes of the injury, together with all rebuttal evidence affirmative or otherwise relating to such issues.

plosion causing a collapse of the casing, a collapse of the casing from causes wholly unrelated to the alleged acts of negligence or contributory negligence caused the explosion to occur at the place where it did. We are of the opinion that the evidence raised the issue of unavoidable accident.

It is deemed unnecessary to discuss other questions raised, since there is no necessity that they arise upon another trial.

For the reasons hereinabove stated, it is our opinion that the judgment of the trial court should be reversed and the cause remanded for a new trial, and it is accordingly so ordered.