Edward L. Dunlap, of Victoria, for defendants in error.

CRITZ, Justice.

This case was originally tried in Victoria County, Texas, and appealed to the Court of Civil Appeals at San Antonio. On the equalization of the dockets of the several courts of civil appeals it was transferred to the Court of Civil Appeals at El Paso. On final hearing in the last mentioned court the appeal was dismissed on the ground that the record was not filed in the San Antonio court in compliance with the requirements of Art. 1839, R.C.S.1925, as now amended, Vernon's Ann. Civ.St. art. 1839. The opinion of the Court of Civil Appeals which is reported at 124 S.W.2d 400, fully and fairly states the facts as shown by the record. We quote the following from that opinion: "The judgment of the trial court was rendered in the case on December 2, 1937, and filed on December 8, 1937. Appellant's motion for a new trial was filed on December 4, 1937, and overruled by an order of the court on December 24, 1937. On February 12, 1938, the court entered its order extending the time for filing the statement of facts and bills of exception for ten days to and including February 22, 1938. On March 3, 1938, the San Antonio Court of Civil Appeals, to which the case was appealed, entered an order on appellant's motion filed on February 21, 1938, extending the time for such filing to April 1, 1938. On April 13, 1938, the San Antonio Court entered an order on appellant's motion filed on March 28, 1938, extending the time for such filing to May 1, 1938. The record was filed in the San Antonio Court of Civil Appeals on May 1, 1938. On June 9, 1938, this case was transferred to this Court by the Supreme Court by its equalization order."

In Parks et al. v. Purnell et al., 141 S.W.2d 585, this day decided by this Court, we have construed the above mentioned statute as authorizing the Court of Civil Appeals to grant extensions in the manner and under the circumstances shown by this record. The opinion in the Parks case rules this case adversely to the ruling and judgment of the Court of Civil Appeals.

The judgment of the Court of Civil Appeals dismissing this appeal is reversed and the cause remanded to that court to be considered on its merits.

## HANKAMER v. ROBERTS UNDERTAKING CO. et al.

Application No. 25028.

Supreme Court of Texas.

June 19, 1940.

Williams, Lee, Sears & Kennerly, Sam R. Fisher, and W. H. Blades, all of Houston, for plaintiff in error.

P. C. Matthews, of Liberty, and Wood, Morrow, Gresham & McCorquodale, A. C. Wood, and Walter E. Boyd, all of Houston, for defendants in error.

PER CURIAM.

The application for writ of error is "Dismissed W. O. J.—Correct Judgment."

We agree that the issue of unavoidable accident was raised by the evidence in this case for the second reason given in the opinion of the Court of Civil Appeals. We disagree with the following holding announced in the note to the opinion in Independent Eastern Torpedo Co. v. Carter, Tex.Civ.App., 131 S.W.2d 125, 128: "In all cases wherein there are controverted issues of fact, of defendant's negligence as proximate cause of an injury and of plaintiff's negligence as proximate cause of the injury, the issue of unavoidable accident also necessarily arises as an issue of fact."