## WICHITA VALLEY RY. CO. v. BRIGHT et al.

### No. 2491.

Court of Civil Appeals of Texas. Eastland.

Dec. 15, 1944.

Rehearing Denied Jan. 19, 1945.

Doss & Overshiner, of Abilene, for appellant.

Scarborough, Yates & Scarborough, of Abilene, for appellees.

FUNDERBURK, Justice.

Appellant's statement of the nature of the case, accepted by appellees as satisfactory, is adopted in part as follows: "This is ʻa suit by Harry Bright, a bus driver, and the Traders and General Insurance Company, Insurer of the Bus, plaintiffs, for damages against the Wichita

Valley Railway Company, defendant, caused by the alleged negligence of the defendant in running its train across a public street crossing in the City of Abilene by reason of which the train and bus collided. The defendant alleged that said collision was proximately caused by the negligence of the driver of said bus, which negligence was attributable to the plaintiff, insurance company. The case was tried before the court and jury, the case being submitted on special issues, which were answered by the jury favorably to the plaintiffs, judgment was rendered by the court in favor of the plaintiff, Traders and General Insurance Company for $320.-65 and in favor of Harry Bright for $579.-35."

The defendant has appealed.

The appeal is predicated upon twelve points. We have considered all of them, and, with the exception of two hereinafter discussed, they do not, in our opinion, present any sufficient ground for a reversal of the judgment, nor present any question sufficiently important to require further discussion.

■ Plaintiff pleaded, as one independent ground of recovery, negligence of defendant in failing "to maintain any kind or character of a signal indicating the approach of a train." The defendant urged a special exception to this allegation, pointing out that "No facts are alleged in said petition showing that it was Defendant's duty to maintain any character of signal indicating the approach of a train at the crossing referred to in Plaintiff's petition." The exception was presented to the Court and overruled, and that action is the subject of one of appellant's points. In our opinion, the Court erred in overruling the exception. To state a ground of recovery consisting of actionable negligence, facts must be alleged, expressly or impliedly, showing the existence and violation of a duty owing by the defendant to the plaintiff. Independent Eastern Torpedo Co. v. Carter, Tex.Civ.App., 131 S.W.2d 125, and authorities therein cited. Allegations that the defendant was negligent in that it "failed to maintain any kind of a signal indicating the approach of a train" neither expresses nor implies a duty on the part of the defendant to maintain such signal at the particular crossing. The fact basis for the implication of such duty would be facts to show that the crossing was unusually or extraordinarily hazardous. 35 Tex. Jur. 485, sec. 321. In Wichita Falls & Southern R. Co. v. Anderson, Tex.Civ.App., 144 S.W.2d 441, 444, it was our conclusion upon this point that: "Manifestly not every mere difference in the degree of such danger can imply the legal duty of providing extraordinary means of warning consisting of the maintenance of an automatic bell, wigwag or a watchman. The real test is that stated in the Long case, supra [Missouri, K. & T. R. Co. v. Long, Tex. Com.App., 299 S.W. 854, 855], namely, is the crossing a place so peculiarly dangerous that prudent persons cannot use the same with safety unless extraordinary care to avoid injuring such persons required such extraordinary means?"

■ Since the adoption of Texas Rules of Civil Procedure and the abolition, by Rule 90, of the use of general demurrers, an added importance attaches to exceptions to pleadings which specifically point out defects, omissions or faults in matters of substance. Since the adoption of said Rules, the same as before, one party has the right to a judgment of the court as to whether a pleading of the adversary, in a matter of substance, is defective, incomplete or faulty in alleging a ground of recovery, or of defense, as the case may be. In our opinion, such right was properly invoked in this case, and by overruling the exception, it was denied. With the pleading thus improperly sustained, there was no error in the further action of the court in admitting testimony to support the allegations. Yet, it is very probable, we think, that such evidence was prejudicial. Had the exception been sustained, then the objection to the testimony would have been good and such prejudicial effect would have been avoided by excluding it.

Defendant pleaded as one ground of defense that as plaintiff "approached said crossing, he drove said bus at a dangerous rate of speed so that he could not stop same in time to avoid the collision, and if he had not been driving said bus at such high and dangerous rate of speed as he approached said crossing he could have turned said bus to the left parallel to the direction in which Defendant's train was going and could have thereby avoided the collision * * * and * * * was guilty of negligence which proximately contributed to the collision, as aforesaid, and his

resulting injuries in that * * * as he approached the said crossing he drove said bus at a dangerous rate of speed * * *." There was evidence that plaintiff drove his bus upon the railroad at a speed of 15 miles per hour, and plaintiff himself testified to the effect that when he discovered the approach of the train, "It was right on the crossing," so close that he was unable to avoid the collision by turning to his left. Plaintiff testified that 40, 50 or 75 feet before he reached the crossing he looked to his left (the direction from which the train approached) and did not see the train. He further testified that there were trees between him and the railroad which obstructed the view. Parts of his testimony were as follows:

"Q. And you say there were some bushes there? A. Yes, sir.

* * * * *

"Q. You knew where those trees were? A. Yes, sir.

"Q. You say these trees made it difficult for you to see the train come from the south? A. Yes, sir, it did.

"Q. You knew then when you were going to cross the railroad that the trees made it difficult for you to see the train? A. That's right.

* * * * *

"Q. Now, what kept you from seeing down the track? A. Well, this obstruction. It was in the way. Kept me from seeing down the track.

"Q. Describe the nature of this obstruction. A. Well, it is mesquite trees with heavy foliage on it.

"Q. Are they continuous, or are they in clumps? A. Well, after you get a certain distance from the track it is continuous until you reach the track.

"Q. About what distance from the track? A. Well, I have an idea 60 or 70 feet.

* * * * *

"Q. Well, what did you say those trees extend from A. (Interrupting) From right up to 10 or 12 feet from the track looking south where it comes around through this cut here.

* * * * *

"You knew that that crossing was obscured and you state you could not see it, why didn't you stop the bus before you went across that track? A. Well, we never

did practice that. It is a good practice, but we never had.

"Q. It would have been much safer and better if you had stopped that bus, wouldn't it? A. That's right.

"Q. If you had stopped it, you wouldn't have had any collision? A. That's right.

* * * * *

"Q. Knowing you could not see the train when it came from the south, that was the only way you could prevent a collision if the train was coming there and you didn't see it? A. Yeah, that's about right."

Plaintiff testified that at the speed he was driving he could have stopped the bus in "10, 12 or 15 feet, somewhere in there."

The Court submitted issues relating to failure of plaintiff to look and listen, and failure to stop. Defendant requested submission of issues relating to the ground of defense based upon dangerous speed as follows: "Do you find from a preponderance of the evidence that the Plaintiff, Harry Bright, as he approached the crossing of Defendant's right of way, drove the bus at a dangerous rate of speed?" And, conditioned upon an affirmative answer, the following: "Do you find from a preponderance of the evidence that such driving at a dangerous rate of speed, if any, was negligence?" And, further conditioned upon an affirmative answer to the latter, the following: "Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause contributing to the collision of the bus with defendant's train?"

In our opinion, the Court erred in refusing to give said requested issues. Plaintiff's own testimony, we think, raised the issues. He testified to a state of facts which, if believed, fully warranted the jury in making an affirmative answer upon each of said issues. The jury was warranted in the conclusion that due care did not require the plaintiff to come to a full stop, that he could have fully avoided the injury and the danger thereof by driving slower than 15 miles per hour, and that due care, under the circumstances testified to by plaintiff, required him to do so.

For these errors we conclude the judgment should be reversed and the cause remanded. It is accordingly so ordered.