## H. C. Thurman et al. v. Mrs. J. Henry Chandler et al.

No. 6364.  Decided April 3, 1935.
(81 S. W., 2d Series, 489.)

*George P. Willis,* of El Campo, *Baker, Botts, Andrews & Wharton, Tom Scurry* and *Albert P. Jones,* all of Houston, for plaintiffs in error.

Upon proposition that court erred in submitting question of unavoidable accident to jury so as to place the burden of proof upon defendant to show that the occurence was the result of an unavoidable accident, instead of placing the burden on plaintiff to show that the occurrence was not the result of an unavoidable accident. Dallas Ry. Co. v. Alexander, 23 S. W. (2d) 512; Greer v. Thaman, 38 S. W. (2d) 378; American Glycerin Co. v. Kenridge Oil Co., 295 S. W., 633.

In an action for damages for death it is the duty of the court to affirmatively instruct the jury that they shall not consider the elements of grief, sorrow or loss of companionship. International & G. N. Ry. Co. v. McVey, 99 Texas, 28, 87 S. W., 328; Gulf C. & S. F. Ry. Co. v. Farmer, 102 Texas, 235, 115 S. W., 260; St. Louis S. F. Ry. Co. v. Houze, 28 S. W. (2d) 865.

*Sidney P. Chandler,* of Corpus Christi, for defendants in error.

On the issue of unavoidable accident: Southland Greyhound Lines v. Dennison, 62 S. W. (2d) 500; Texas & Pac. Ry. Co. v. Short, 62 S. W. (2d) 995.

On misjoinder of parties: Kunts v. Spence, 67 S. W. (2d) 254; Bilbo v. Lewis, 45 S. W. (2d) 653.

On issue of proximate cause: Gonzales v. Flores, 200 S. W., 851; Wichita Falls Ry. Co. v. Crawford, 19 S. W. (2d) 166.

*Fulbright, Crooker & Freeman* and *C. A. Leddy,* all of Houston, filed argument as amicus curiae.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This suit was filed in the District Court of Wharton County, Texas, by Mrs. J. Henry Chandler, widow of J. Henry Chandler, deceased, for herself and as next friend of Marion and Dorothy Chandler, minor children of Mrs. Chandler and her said deceased husband, against H. C. Thurman and Hartford

Accident & Indemnity Company to recover damages for the accidental death of J. Henry Chandler. It is alleged that Mr. Chandler's death was occasioned by the negligence of Thurman in operating a truck on a public highway in this State. Liability of the Indemnity Company was predicated on the fact that it was Chandler's truck insurer, under Section 13 of Article 911b, Vernon's Ann. Tex. Civ. Stat. 1925, Vol. 2. The case was tried in the district court with the aid of a jury. Based on the Court's interpretation of the jury's answers to the special issues submitted, judgment was entered for the Chandlers against Thurman for $6,000.00. This judgment was apportioned $1,000.00 to Mrs. Chandler and $2,500.00 each to the Chandler children. Judgment was also entered against the Indemnity Company in favor of the Chandlers for $5,000.00. That was the amount of its policy. Thurman and the Indemnity Company appealed to the Court of Civil Appeals at Galveston, and on final hearing in that court the judgment of the district court was in all things affirmed. 52 S. W. (2d) 315. Thurman and the insurance company bring error.

From the finding of the jury, and the record construed in its most favorable light for the Chandlers we conclude the following facts:

About eight o'clock P. M. on August 11, 1930, H. C. Thurman, the duly licensed owner of this truck, J. Henry Chandler, Mrs. H. C. Thurman, Miss Evelyn Madden, A. J. Overman, Marvin Overman, and a party whose name does not appear in the record left El Campo, Texas, to go in Thurman's truck to Edna, Texas, a few miles away. The purpose of the trip was to pick up a load of baled cotton to be transported on the truck from Edna, Texas, to Houston, Texas, back through El Campo. The truck was a six-wheel affair, that is, the truck had four wheels and a trailer with two wheels. The trip was made to Edna where the truck was loaded with 20 bales of cotton. After the truck was loaded, and on the same night of August 11, 1930, the return trip to El Campo began.

On the return trip A. J. Thurman was driving, and of course sat on the driver's seat in the cab on the left side under the steering wheel. A. J. Overman sat in the cab in the center of the seat next to Thurman. The unnamed party sat in the cab at the right of A. J. Overman. It is thus seen that on the return trip in the night three of the seven parties rode inside of the truck cab on the seat.

It further appears that on this return trip Marvin Overman stood on the left running board of the truck. J. Henry

Chandler stood on the right running board. At this point we understand that the cab windows were down and the two parties riding on the running boards held to certain upright parts of the cab, and rode with their heads inside at least part of the time. It also appears that on this return trip the two ladies above mentioned rode on the front fenders of the truck.

While the truck was being driven along the paved public State Highway from Edna, Texas, to El Campo, Texas, J. Henry Chandler was thrown from, or fell off of the running board on which he was riding, and while he was lying on the road a bale of cotton fell off the truck across and on his legs and pelvis causing injuries from which he shortly thereafter died. It is shown that the right rear wheel of the truck trailer came off and the injury and subsequent death of J. Henry Chandler can be attributed to that circumstance.

In response to special issues submitted to them by the trial court the jury found:

(a) That Chandler's injury was not the result of an unavoidable accident.

(b) That H. C. Thurman knew of the defective condition of the right wheel of the truck trailer which came off, or by the exercise of ordinary care could have known thereof.

(c) That H. C. Thurman was guilty of negligence in driving the truck with such defective right rear wheel.

(d) That H. C. Thurman was negligent in the rate of speed at which he operated the truck at the time of this accident.

(e) That the above acts of negligence on Thurman's part were proximate causes of Chandler's injuries.

The jury also found the amount of plaintiff's damages and apportioned them.

In addition to the above the jury further found:

(a) That J. Henry Chandler, at the time of his injury, was the invited guest of H. C. Thurman.

(b) That J. Henry Chandler was guilty of negligence in riding on the running board of the truck, but that such negligence was not the proximate cause of his injury.

(c) That J. Henry Chandler did not of his own free will, and voluntarily, jump off the running board of the truck.

(d) That J. Henry Chandler, with knowledge of the speed at which the truck was being driven, failed to warn or protest to H. C. Thurman against such speed, but that such failure was not negligence on the part of Chandler.

(e) That Chandler was guilty of negligence in continuing to ride on the running board of the truck at the rate of speed at which it was being driven, but that such negligence was not the proximate cause of his injuries.

(f) That J. Henry Chandler could not have held to a place or places on the truck by the exercise of ordinary care.

As already shown the trial court submitted the issue of unavoidable accident to the jury. In so doing he placed the burden of proof on the defendants. Defendants excepted to the charge on that account. It is error to place the burden of proof on the defendant in submitting the issue of unavoidable accident. Rosenthal Dry Goods Co. v. Hillebrandt (Com. App), 7. S. W. (2d) 521.

As we interpret its opinion the Court of Civil Appeals holds that the above charge was error in the form submitted, but that such error was harmless because the issue of unavoidable accident was not raised by the evidence. We think the evidence does raise the issue.

In connection with the ruling just made we hold there is evidence in the record, which if believed by the jury, would acquit both H. C. Thurman and J. Henry Chandler of negligence. The truck and trailer were purchased by Thurman not over four days before the accident from one Presley. Presley testified that so far as he knew the truck was in good condition when he sold it to Thurman, and that he so represented it in making the sale. Thurman testified that so far as he knew the truck was in good condition at the time of the accident. He testified in substance that he had the truck greased after he bought it and himself watched the greasing take place and did not observe any defects in any of the wheels. He further testified that he, with the garage man, checked the wheels and saw that they were tight. In this connection he testified that they took the hub caps off and put everything back and tightened them up. He denied that he told the garage man that the right wheel was unsafe. It is true the garage man testified to the contrary, but the jury was the judge of their credibility. There is evidence in the record to show that the truck was travelling 15 or 20 miles per hour at the time of the accident. This certainly was not an unusual speed, nor was it beyond legal limits. We find no evidence in the record that there were any unusual or dangerous road conditions attendant at the time of this accident which made the speed dangerous, or constituted same negligence.

2   An unavoidable accident is one which is not occasioned in any degree, directly or remotely, by want of due care. If the accident producing the injury could have been prevented by either party by means suggested by common prudence it is not unavoidable. Dallas Ry. & Term. Co. v. Darden (Com. App., opinion approved), 38 S. W. (2d) 777. In other words an accident which happens without fault on the part of either party is classed in law as unavoidable. Texas & Pac. Ry. Co. v. Edwards (Com. App. opinion approved), 36 S. W. (2d) 477.

3   It is settled that either party is entitled to have any fact or group of facts raised by the pleadings and the evidence affirmatively and directly presented to the jury. Montrief v. Bragg (Com. App. opinion approved), 2 S. W. (2d) 276. It is no answer to say that the findings on other issues actually submitted to the jury amounted to a finding on an issue not submitted. The conditions as they existed before, not after the verdict, must control.

4   We have already demonstrated that there is evidence in this record which if believed by the jury would acquit Thurman of any negligence pertaining to this unfortunate accident. We also hold that there is evidence to acquit the deceased of any such negligence. Under such a record the issue of unavoidable accident was in this case. It was erroneously submitted as to the burden of proof. This alone would result in the reversal of this judgment.

The trial court submitted the issue of the amount of damages to the jury by the following question:

"What amount of money, if paid now, do you find and believe from a preponderance of the evidence would reasonably and fairly compensate each of the plaintiffs for the loss of support and maintenance caused by the death of J. Henry Chandler? You will answer by stating such amount of money, if any, opposite the names of the respective plaintiffs, in the spaces provided therefor."

5   Defendants objected to the above issue on the ground, (a) that the same was too broad and permitted the jury to consider elements of damages not plead; (b) that it permitted the jury to find damages in law not recoverable by the wife and children of the deceased in an action for death; (c) that it gave the jury no guide in determining the proper compensation for the loss of support and maintenance; and (d) that it failed to instruct the jury that no recovery could be had for grief, sorrow and loss of companionship.

It is our opinion that the question as submitted was not affirmatively erroneous. It submitted the issue of damages for *"loss of support and maintenance"* only. It said nothing about grief or sorrow, but confined the matter of damages to *"loss of support and maintenance."* Our special issue statutes prohibit general charges and confine the charge of the Court to the submission of "such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render the verdict on such issues." All of the objections to this charge except the one under "(d)" above were too general to call the Court's attention to any supposed defect of omission or commission in the charge, and the objection under "(d)," as worded would indicate to the Court that defendants desired a general charge, not a mere definition or explanation. The matter as presented shows no error on the part of the trial court. On another trial if defendants desire the phrase "support and maintenance" defined they may properly so indicate to the Court.

Plaintiff in error contends that this judgment should be reversed because the evidence shows that the father and mother of the deceased survive him, and were therefore necessary parties to the suit. In this connection it is contended that the evidence shows that the father and mother were in part dependent on the deceased. It is not necessary to pass on this matter as it will probably not arise on another trial.

6  Plaintiffs in error contend that judgment should have been entered in the district court in their favor because the jury found the deceased guilty of negligence in riding on the running board. We think this contention should be overruled because the jury further found that riding on the running board was not the proximate cause of the injuries which produced the death of J. Henry Chandler. We understand that the plaintiffs in error base their contention that the finding of negligence with reference to riding on the running board entitled them to a judgment on the theory that the negligent riding on the running board by deceased as a matter of law was the proximate cause of his injury. If an injury is a natural and probable result of an act of negligence, the act of negligence is the proximate cause of the injury. In order to say as a matter of law that an injury is the proximate result of an act of negligence it must conclusively appear that the party committing the negligent act ought to have foreseen the consequences thereof. Texas & Pac. Ry. Co. v. Bigham, 90 Texas, 223, 38 S. W., 162; Union Stockyards v. Peeler (Com.

App.), 37 S. W. (2d) 126. In our opinion it cannot be said as a matter of law that J. Henry Chandler ought to have foreseen that if he was thrown from the running board of this truck a bale of cotton would fall therefrom across his body and injure him. Neither can it be said, as a matter of law, that he ought to have foreseen an injury produced in some similar way.

7    As already shown above Thurman was sued as the owner of a truck operated under a certificate of convenience issued by the Railroad Commission. The Indemnity Company was sued as his insurer under Section 13 of Article 911b, Vernon's Ann. Rev. Civ. Stat. 1925, Vol. 2. Both defendants filed pleas in abatement and of misjoinder objecting to the attempt to join Thurman and the Indemnity Company in the same suit. In Cause No. 6671, Volker Grasso v. Cannon Ball Motor Freight Lines, (125 Texas, 154, 81 S. W. (2d) 482), we held that the insurer, under the above statute, could not be joined as a defendant with the insured. We also held that, under the statute, no right of action can arise in favor of an injured third party against such insurer, unless and until there is a final judgment against the insured. The Court of Civil Appeals did not pass on this matter because that Court held that the assignment presenting same was not briefed. Be that matter as it may, in view of the fact that this case must be reversed, and the cause remanded, we deem it proper to call attention to the holding in the Grasso case.

The judgments of the Court of Civil Appeals and district court are both reversed, and the cause remanded to the district court for a new trial in accordance with this opinion.

Opinion adopted by Supreme Court April 3, 1935.