### DALLAS RY. & TERMINAL CO. v. STEWART.
### No. 5024.

Court of Civil Appeals of Texas. Amarillo.
May 8, 1939.

Sam P. Burford and Burford, Ryburn, Hincks & Charlton, all of Dallas, for appellant.

Roy W. McDonald, Earl McAlester, and Harvey C. Ford, all of Dallas, for appellee.

FOLLEY, Justice.

The appellee, J. E. Stewart, filed this suit against the appellant, Dallas Railway & Terminal Company, to recover damages alleged to have been sustained by him when the street-car of the appellant crashed into the rear of an automobile in which the appellee was riding on Elm Street in the City of Dallas. The evidence showed and the jury found that the appellee, while traveling in the same direction as the

street-car, suddenly stopped his automobile within the path of the approaching street-car. The jury also found that this act on the part of the appellee was not negligence. The testimony showed that another automobile was either coming out from the curb or backing into the curb in front of appellee's automobile at such time, and presumably blocked the progress of appellee's automobile.

Under other special issues submitted the jury found that the operator of appellant's street-car was negligent in regard to the rate of speed he was operating the street-car, that he was negligent in failing to decrease such speed as the street-car approached appellee's automobile, and further negligent in failing to have such street-car under control so that he could stop the same before colliding with appellee's automobile. Each of these acts of negligence was further found to be a proximate cause of the collision. The jury found in favor of the appellee on all the issues of contributory negligence and in favor of the appellant on the issue of discovered peril. Certain other issues involving the acts of the operator of the street-car were answered in favor of the appellant. The jury also found that the collision was not the result of an unavoidable accident. The damages were assessed by the jury in the sum of $1100 and judgment entered accordingly in favor of the appellee.

The court refused to submit to the jury appellant's issues, timely prepared and requested, inquiring whether or not certain acts of the third party in driving out from or backing into the curb were the sole proximate cause of the collision, and also whether or not such acts were a new and independent cause of the collision. This action of the court is assigned as error.

The collision occurred in the down-town business section of the City of Dallas. The appellee's automobile and the appellant's street-car were traveling in an easterly direction on Elm Street between Akard and Ervay Streets. The automobile was being driven upon or near the street-car tracks. The street-car was following closely behind. Both vehicles were being operated at approximately the same rate of speed. Immediately prior to the collision another automobile operated by this third party, whose name the record does not disclose, moved either from the right hand curb from a parking position or toward the right hand curb to obtain a parking position in such a manner apparently as to come into the pathway of appellee's automobile. Upon this occurrence, according to the findings of the jury, the appellee cut his automobile to the left and stopped his automobile within the path of the approaching street-car without giving any warning or signal of his intention to do so, whereupon the collision occurred.

Although the appellant failed to affirmatively plead the issue of sole proximate cause on the part of this third party, under the authority of Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984, such a defense is available to the appellant under a general denial if the testimony is sufficient to raise the issue. It has now become an elementary rule that a defendant has the right to an affirmative submission of any fact or group of facts relied upon as a defense when such fact or facts are raised by the pleadings and the evidence, and which, if true, would establish such defense. Fox et al. v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; Missouri, K. & T. Ry. Co. et al. v. McGlamory et al., 89 Tex. 635, 35 S.W. 1058; New Nueces Hotel Co. v. Sorenson, 124 Tex. 175, 76 S.W.2d 488. It is equally well settled that "the question of the right of a defendant to have an affirmative defense submitted must not be determined from the viewpoint of conditions as they appear after the verdict is returned, but from the viewpoint of what the jury might have found if the issue had been submitted to them." Dixie Motor Coach Corporation v. Galvan et ux., Tex.Com.App., 86 S.W.2d 633, 634, and authorities cited.

In Wichita Valley Ry. Co. v. Minor, Tex.Civ.App., 100 S.W.2d 1071, 1073, it is said: "It is a well-recognized rule of law that one person may not be held liable for damages caused solely by the act of another over whom he has no control. We understand that the authorities in this state establish the proposition of law that an independent act of a third party may, but does not necessarily have to be negligence in order to be the sole cause of an injury and therefore constitute a defense in cases of this character. Ft. Worth & D. C. Ry. Co. v. Rowe, Tex.Civ.App., 69 S.W.2d 169; Thweatt v. Ocean Acc. & Guarantee Corp., Tex.Civ.App., 62 S.W.2d 250; Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984."

■ Viewing the testimony herein in the light of the above authorities we think it is inescapable that the appellant was entitled to an affirmative presentation to the jury of the issue of sole proximate cause in connection with the conduct of the third party in blocking the pathway of the vehicles of both the appellee and the appellant. It is entirely possible that had such an issue been presented to the jury a finding would have been made that the act of this third party was the sole proximate cause of the collision; and, incidentally, we think such a finding would have had as much support in the testimony as the findings convicting the appellant of negligence proximately causing the collision or the findings acquitting the appellee of such contributory negligence as was a proximate cause of the collision. According to the testimony of the appellee himself the automobile of this third party "was a big old long car", although he did not know the make of the automobile. This fact, coupled with the finding of the jury that the appellee stopped his automobile in the path of the street-car, and the further finding that this act was not negligence, necessarily was an inferential finding that the appellee had good cause to stop his automobile under the conditions that then existed. This circumstance, we think, lends weight to the conclusion that the conduct of the third party was a very important factor in the collision and might have been the sole proximate cause of the unfortunate occurrence.

Since the appellant relied upon the same event, the same circumstances and the same facts to establish its defense of new and independent cause as it did to establish its defense of sole proximate cause, it is our opinion that an affirmative submission of the latter defense would embrace every conceivable element of the former defense. But in the instant case neither of such defenses was submitted to the jury. Therefore, in view of another trial we deem it our duty to make some disposition of the question presented in regard to new and independent cause.

■ The trial court properly defined the term "new and independent cause" and thereby placed the burden upon the appellee to exclude this theory from the case before a jury finding might have been obtained that the alleged negligence of the appellant was a proximate cause of the collision. That it is error to fail to define this term when the facts raise the issue has become a well defined proposition of law. Tarry Warehouse & Storage Co. v. Duvall, Tex.Sup., 115 S.W.2d 401; Southland Greyhound Lines, Inc. v. Cotten, 126 Tex. 596, 91 S.W.2d 326; Young v. Massey et al., 128 Tex. 638, 101 S.W.2d 809; Phœnix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60; Orange & N. W. R. Co. v. Harris et al., 127 Tex. 13, 89 S.W.2d 973. But in none of the authorities just cited is it indicated that a defendant would be entitled to have a special issue incorporating such defense affirmatively submitted to the jury, however, in such cases this precise question was not before the court. The appellant has not cited us to any authority where this exact question has been decided. We have been able to find only two authorities that have any bearing on the matter. These cases are Williams et al. v. Rodocker, Tex.Civ.App., 84 S.W.2d 556, and Safeway Stores, Inc. of Texas v. Rutherford, Tex.Civ.App., 101 S.W. 1055, affirmed by the Supreme Court in 130 Tex. 465, 111 S.W.2d 688. In each of those cases the Court of Civil Appeals at Eastland expressed the opinion that the issue should be submitted to the jury but further held that the failure to do so was not error because the court had substantially incorporated the matter in other issues submitted to the jury. Therefore, the holding in those cases affords us little guidance since the pronouncements therein relative to the question become mere dicta because the issue was held to have been otherwise submitted. In our case, however, such condition does not exist. At least the issue was not affirmatively submitted as a defense for the appellant but only as a basis of recovery for the appellee under a proper definition of the term. If upon another trial the issue of sole proximate cause with reference to the conduct of this third party is affirmatively submitted for the benefit of the appellant our holding herein on the question of the submission of new and independent cause will, as in the above two cases, amount to no more than obiter dicta. But in the event the appellant should abandon its defense of sole proximate cause, or if the trial court should for some reason fail to submit such issue in regard to the third party's conduct, it is our opinion that if the facts raise the issue of new and independent cause such issue upon proper request should be submitted to the

jury as an affirmative defense for the benefit of the appellant. We make this holding in view of the general rule "that either party is entitled to have any fact or group of facts raised by the pleadings and the evidence affirmatively and directly presented to the jury". Thurman et al. v. Chandler et al., 125 Tex. 34, 81 S.W.2d 489, 491; Montrief & Montrief v. Bragg et al., Tex.Com.App., 2 S.W.2d 276.

It is our opinion that the other matters about which the appellant complains are, as presented, without merit and we pretermit a discussion of such assignments. For the errors above mentioned the judgment of the trial court must be reversed and the cause remanded.

Reversed and remanded.