## WORKMEN'S LOAN & FINANCE CO. v. DUNN.

### No. 2157.

Court of Civil Appeals of Texas. Waco.

Oct. 26, 1939.

Rehearing Denied Dec. 14, 1939.

J. C. Jacobs and J. C. Roe, both of Corsicana, for appellant.

Richard & A. P. Mays, of Corsicana, for appellee.

GEORGE, Justice.

This is a suit on a verbal contract for the sum of $410.80, alleged to be the balance due and unpaid for personal services. It was instituted in the county court of Navarro county by Sam Dunn against M. Evans individually and Workmen's Loan & Finance Company, a corporation. Defendants plead general demurrer, special exceptions, general denial, plea of payment and estoppel. The case was tried before the court and a jury and judgment was rendered for San Dunn against Workmen's Loan & Finance Company for the sum of $190, together with interest and costs of suit; hence this appeal by Workmen's Loan & Finance Company.

The court submitted to the jury only one issue, which reads as follows: "What sum of money, if any, do you find by a preponderance of the evidence that the defendant, Workmen's Loan & Finance Company, owed to the plaintiff, Sam Dunn, for services, if any, performed by Sam Dunn for said defendant, from January 1, 1937, to and including May 15, 1938? Answer in dollars and cents," and gave in connection therewith the following instruction: "You are instructed in connection with the above issue as follows: If you believe by a preponderance of the evidence that the defendant has paid the plaintiff, Sam Dunn, in full for said services performed during the period aforesaid, if they were performed, or if you believe that the said Sam Dunn accepted a sum of money less than the amount he claims due him, in full payment and satisfaction of said services, then in either event you will answer said question, 'nothing.'"

The appellant, Workmen's Loan & Finance Company, at the proper time, presented to the trial judge its requested special issue No. 1, reading as follows: "Do you find by a preponderance of the evidence that defendant, Workmen's Loan & Finance Company, has paid Sam Dunn, plaintiff, in full for his services rendered from January 1, 1937 to May 6, 1938? Answer 'Yes' or 'No,'" which is endorsed at the foot thereof as follows: "Refused—to which action of the court defendant then. and there in open court excepted. Paul H. Miller, County Judge."

Appellant says the trial court committed reversible error in refusing to give its requested special issue No. 1. Appellee contends that (1) this court is not authorized to consider appellant's assignment of error presenting the proposition that the trial court erred in refusing to submit its requested special issue No. 1, for the reason that the record does not affirmatively show that such special issue was submitted to opposing counsel; and (2) that the issue and instruction given in connection therewith by the trial court submitted the question of payment to the jury for determination.

Where the record shows that a special requested issue was presented to the trial judge in limine and that exception was taken to his refusal to submit same to the jury, it will be conclusively presumed, in the absence of a proper showing to the contrary, that the trial judge performed his duty by submitting such charge to opposing counsel. Shipley v. Missouri K. & T. Ry. Co., 110 Tex. 194, 217 S.W. 137, pars. 1 and 2; Hartford Fire Ins. Co. v. Clements, Tex.Civ.App., 34 S.W.2d 355, par. 5; Sanger v. First National Bank of Amarillo, Tex.Civ.App., 170 S.W. 1087, par. 1; Arts. 2186 and 2188, Revised Civil Statutes of Texas.

It is a well settled principle of practice that a litigant is not entitled to have two issues submitted which are opposites one to the other. That is to say, a litigant is not entitled to a complete duplication in the submission of the special issues which present solely a positive and negative phase of the same question. Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W.2d 314; Wichita Valley Ry. Co. v. Williams, Tex.Civ.App., 6 S.W.2d 439; Hutton v. Burkett, Tex.Civ.App., 18 S.W.2d 740, par. 10; Williams v. Rodocker, Tex.Civ. App., 84 S.W.2d 556, par. 5.

372

It is also a well established rule of practice that a defendant is entitled to an affirmative submission of all defensive issues raised by his pleadings and evidence. Texas Indemnity Ins. Co. v. Thibodeaux, 129 Tex. 655, 106 S.W.2d 268; Colorado & S. Ry. Co. v. Rowe, Tex.Com.App., 238 S.W. 908; Greer v. Thaman, Tex.Com. App., 55 S.W.2d 519; Montrief & Montrief v. Bragg, Tex.Com.App., 2 S.W.2d 276; Northern Traction Co. v. Woodall, Tex. Com.App., 299 S.W. 220; Missouri K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S.W. 1058; Gammage v. Gamer Co., Tex. Com.App., 213 S.W. 930; Campbell v. Johnson, Tex.Com.App., 290 S.W. 526; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517.

It is likewise settled in cases involving converse issues that both should be submitted, though partial duplication may result. Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W.2d 314, par. 5; Greer v. Thaman, Tex.Com.App., 55 S.W. 2d 519, par. 3.

Appellant's pleadings and proof raise the issue of payment in full of all amounts due by it to appellee. On the other hand, appellee's pleadings and proof raise the issue as to the amount due him by appellant. It is the duty of the court, in submitting a case upon special issues, to submit such special issues distinctly and separately, and the plaintiff and the defendant each have the right to have each group of facts which may constitute respectively a right or recovery or right of defense presented to the jury in a clear and untrammeled manner. The court is not authorized to embody in an instruction calling for a general verdict an issue in the case based on facts presenting a defense. The fact or group of facts presenting the defense must be submitted separately and distinctly as an issue. This is the only way a defendant's rights can be preserved in accordance with the law. The parties' pleadings and proof presented two distinct theories and each was entitled to have his theory submitted to the jury for determination. It is no answer to say that the finding on plaintiff's issue submitted to the jury amounted to a finding on defendant's issue, which was not submitted. The cause must be considered from the viewpoint of the parties' pleadings and proof before it is actually submitted to the jury and not after the jury has returned its verdict. For there is no way of ascertaining with certainty beforehand what the jury's answers would be. If appellant's defense of payment in full had been submitted separately and affirmatively, the jury could, and might have, rendered a finding thereon favorable to it. And the probability that the answers of the jury might be conflicting is not sufficient to authorize a trial court to deny to a party his right to have his theory of the case passed on by the jury. The finding that appellant owed appellee $190 conflicts with and excludes the idea of payment. So does an affirmative finding of negligence as a ground of recovery conflict with and exclude the idea of unavoidable accident. And a finding of total disability in a workman's compensation case also conflicts with and excludes the idea of partial disability. Does the fact that those issues call for findings that might conflict deprive a defendant of his right to have his defenses submitted to the jury? A full answer to this is that every complete defense conflicts with the cause of action as plead by a plaintiff. If this were not true, then a defendant whose defense contradicted a cause of action plead by a plaintiff would be deprived of the right to have his defense submitted to the jury for determination. It would amount to the submission of the plaintiff's theory of the case and a denial of a like right to the defendant. The probability of a conflict in the findings of a jury can be practically eliminated by the trial judge exercising the power vested in him. He is authorized, in the event of conflict in findings of the jury, to point out to the jury, in the manner provided by law, before receiving the verdict, the conflicting answers, and to retire the jury for further deliberations. Maryland Casualty Co. v. McGill, Tex.Civ.App., 69 S.W.2d 158, pars. 7-9; Kansas City M. & O. Ry. Co. v. Moore, Tex.Civ.App., 11 S.W.2d 335, pars. 3 and 4; Worden v. Kroeger, Tex.Com.App., 219 S. W. 1094; Thurman v. Chandler, 125 Tex. 34, 81 S.W.2d 489, par. 3; Wright v. McCoy, Tex.Civ.App., 131 S.W.2d 52, pars. 10 and 11.

Furthermore, the issue given and the one requested do not present solely a positive and negative phase of the same question. Nor do they seek to establish the same fact. Thus, it is obvious that the two issues submitting the two inquiries,—one, what sum of money was owing by appellant to appellee, and the other, has appellant

paid appellee in full,—are the converse of each other and not the opposite of each other.

The judgment of the trial court is reversed and the cause remanded for a new trial.