## TEXAS, NEW MEXICO & OKLAHOMA COACHES, Inc., v. WILLIAMS.

### No. 4424.

Court of Civil Appeals of Texas. El Paso.

Aug. 2, 1945.

Rehearing Denied Oct. 4, 1945.

Hobert Price and Strasburger, Price, Holland, Kelton & Miller, all of Dallas, for appellant.

John J. Watts, of Crane, for appellee.

SUTTON, Justice.

This is an appeal from the District Court of Andrews County.

The suit was for personal injuries brought by Herbert Williams and the parties will be described as plaintiff and defendant. The trial was to the court and jury. On the verdict the court rendered judgment for the plaintiff in the principal sum of $6,000 with 6 per cent interest and costs. From that judgment the defendant has appealed.

Plaintiff alleged he was a paid passenger on one of the defendant's busses on the early morning of March 3, 1944, and had checked four suit cases as baggage on the bus. He charged the defendant unloaded his four pieces of baggage in the highway and was negligent in so doing; that the defendant owed the duty to exercise reasonable care to furnish him a safe place to leave and make an exit from the bus; that the defendant breached such duty and placed his baggage on the highway on a misty, foggy morning, and under all the facts and circumstances alleged the driver of the bus knew or should have known there would be a reasonable probability of plaintiff getting injured by automobiles traveling on said highway under the conditions; that such negligence was the proximate cause of serious injuries which he received.

The plaintiff claimed serious injuries to his right hip, bruises from his left knee to his ankle, a sprained right thumb, severe and serious broken and crushed bones in his left wrist which are permanent, the suffering of serious and severe mental and physical pain.

The defendant answered briefly with a general denial; specially that the bus stopped at the appointed time and place; the baggage was removed at such time and place with the knowledge of the plaintiff; that the bus had long since left the scene of the accident.

It pleaded contributory negligence on the part of the plaintiff in not keeping a proper look-out for approaching automobiles; in allowing himself and his baggage to be in the path of the automobile that collided with him and in not removing himself and his baggage from its path; and if his baggage was placed on the highway, the plaintiff was negligent in not protesting and objecting thereto and in not asking the driver of the bus to place it somewhere else.

It also specially pleaded, in the alternative, "the collision in question was an unavoidable accident, or a new and independent cause, or both."

The jury found the defendant negligently placed plaintiff's baggage upon the traveled portion of the highway; that the plaintiff did not request a delivery thereof at such place; that the negligence was the proximate cause of the injuries; that plaintiff was not guilty of the acts of contributory negligence set up by the defendant; that it was not an unavoidable accident; and fixed his damage at $6,000.

The defendant has ten points of error. Briefly stated, they are: the court erred in refusing to hold as a matter of law the relationship of carrier and passenger had terminated at the time of the accident; the court erred in refusing to hold as a matter of law under all the facts of the case the defendant was guilty of no negligence which was the proximate cause of plaintiff's injuries; the error of the court in submitting Special Issue No. 2 (which was: Was the placing of the baggage on the traveled portion of the highway negligence?); the error of the court in refusing to set aside the answer to Special Issue No. 2; the error of the court in submitting Special Issue No. 3 (which was: Was the negligence inquired about in No. 2 the proximate cause of the injuries?); the error of the court in refusing to set aside the answer to No. 3; the error of the court in refusing to submit the defendant's requested issue of new and independent cause (which was: Do you find from a preponderance of the evidence that the collision in question was not the result of a new and independent cause?); two points based upon the refusal of the court to grant a new trial based upon improper argument, and the last that the verdict is excessive.

The points are not all separately briefed and there is no need to discuss them separately.

The statement of facts discloses the accident occurred in the town of Andrews, the County Seat of Andrews County, around

7:15 to 7:30 a.m. March 3, 1944. The morning was misty and foggy. Automobiles were operating with lights. There was some conflict in the testimony as to whether or not it was then daylight. The defendant transported for fare the plaintiff and his four pieces of baggage. The bus was going north. It used a drug store as a station at Andrews located on the west side of the highway-street. The driver pulled the bus from the right to the left side of the highway and stopped in front of the drug store and discharged plaintiff and one other adult male passenger. The driver removed the baggage from the bus, taking therefrom two pieces belonging to the other passenger first. Plaintiff testified the companion passenger picked up his two bags and started into the drug store and the driver called to him to let him have his checks. He then asked for plaintiff's checks and set the baggage down in the highway. The jury, as indicated, found it was set down in the traveled portion of the highway. The driver walked around the bus, kicked the tires, had a brief conversation with the men, he said, got in the bus and drove away. The bus and car that collided with plaintiff met a block to a block and one-half from the scene of the accident. Plaintiff testified he gathered up his baggage as quickly as possible, having some trouble with a broken handle on one and moving all four at one time, and got a step or two and was struck. The driver of the automobile said he saw plaintiff raise up from a stooping position some ten feet in front of him just before he struck him.

The first contention is the defendant is not liable because the relationship of carrier and passenger had terminated when the accident occurred, and this because the bus had traveled a distance of a block to one and one-half blocks from the scene of the accident and the automobile proceeded the same distance from the meeting of the two vehicles. The defendant relies in most part upon the rule applied in street car cases, wherein it is generally held the relationship ceases when the passenger has safely alighted from the car. There is some difference between railroads, street cars and the automotive vehicle carriers. Railroads own their tracks, right of way and station facilities and exercise control over them. Street cars operate on fixed tracks usually near the center of streets and roads and have no control over the thoroughfares generally but can discharge passengers only at usual stops on the streets. Automotive vehicles have the means and opportunity to select suitable and safe places to discharge passengers and their baggage. They do not as a rule, except where they use terminal facilities of their own, exercise control over the places of discharge, but they may reach the curb and discharge their passengers without undue exposure to danger from passing traffic. There was involved the discharge of both the person and baggage of the plaintiff. The defendant had not ended its relationship with the plaintiff when it discharged him in a place of safety, or given him, in the exercise of ordinary care for his own safety, a reasonable opportunity to reach a place of safety. It was under the obligation and duty to deliver him and his baggage safely in a safe place, or a reasonable opportunity to reach a place of safety with it, if delivered in an unsafe place. With respect to this phase of the case, the contributory negligence pleaded by the defendant was submitted and determined against the defendant as heretofore pointed out. There is no testimony or circumstance in evidence from which it might be concluded the plaintiff had ever left the point where he alighted and the baggage was delivered to him before he was struck and injured.

■ On this particular phase of the case, it is novel on its facts, so far as we have been able to find, but the authorities, we think, fairly establish the rule that bus carriers are under the duty to discharge their passengers into a safe place and when so discharged, the relationship is terminated and if discharged in an unsafe place, the relationship is terminated when the passenger, in the exercise of ordinary care for his own safety, has had a reasonable opportunity to reach a place of safety. It is said by the Supreme Court of Connecticut in Roden v. Connecticut Co., 113 Conn. 408, 155 A. 721, 722: "The duty of a common carrier of passengers includes an obligation to furnish them a safe place in which to alight, as far as that place is provided by it or is affected or conditioned by the movement of the vehicle, and that duty is only satisfied if it exercises the highest degree of care and skill which reasonably may be expected of intelligent and prudent persons engaged in such a business, in view of the instrumentalities employed and the dangers naturally to be apprehended."

And in Lewis v. Pacific Greyhound Lines, Inc., 147 Or. 588, 34 P.2d 616, 617,

96 A.L.R. 718, the Supreme Court of Oregon says: "The safety of the place afforded the passenger for alighting is entirely within the control of the driver. * * * The degree of care to be exercised must be commensurate with the danger involved. To discharge a passenger on a highway where he would be subject to the dangers of vehicular traffic would clearly not meet the degree of care which the law exacts."

In the instant case the jury found the plaintiff's baggage was discharged and delivered on the traveled portion of the highway, obviously a dangerous place. On the issues of contributory negligence pleaded by the defendant, the jury found the plaintiff was not negligent in allowing himself and his baggage to be in the path of the automobile and in not removing himself and his baggage from its path. There is no point made on the submission of this phase of the case.

We conclude, therefore, under the facts testified to and the findings of the jury, the relationship was not terminated prior to the accident and the defendant is not relieved on that ground.

Defendant contends it was not guilty of any negligence which was a proximate cause of the accident and argues in its brief the proximate cause of the accident was either or both the failure of the plaintiff or the operator of the car to keep a proper look out. The jury found plaintiff, under the facts in the case, was not negligent in this respect. The negligence of the car operator was in no respect pleaded. And to say the defendant could not reasonably anticipate and foresee the probable consequences of discharging a passenger and his baggage in a highway-street on a foggy, misty morning is but to say there is no such thing as foreseeability. The resulting consequences were most probable.

The defendant complains of the refusal of the court to submit its requested issue on new and independent cause as heretofore copied. Under this point in its brief there is no suggestion of any new and independent cause. It elsewhere argues the proximate cause of the accident and injury is the negligence of the plaintiff, which was determined against it, or that of the operator of the automobile or both, but there is no separate pleading of any facts of negligence of new and independent cause. To constitute an act a new and independent cause it must be something not foreseeable by the defendant. The most probable result of causing a passenger to alight with his baggage on the traveled portion of a highway-street is injury from passing traffic. It was the anticipation of or the foreseeableness of the resulting injury that constituted the act negligence. Consequently the breach of this duty to guard against the injury sustained cannot be a new and independent cause. It is thought the issue is not in the case.

But, if we be mistaken in this conclusion, we are nevertheless of the opinion there was no error because it has been held where unavoidable accident is submitted there is no need to submit new and independent cause, unless the particular facts which constitute each are different and are separately pleaded. Williams v. Rodocker, Tex.Civ.App., 84 S.W.2d 556; Dallas Ry. Co. v. Little, Tex.Civ.App., 109 S.W.2d 289; Dallas Ry. & Terminal Co. v. Latham, Tex.Civ.App., 143 S.W.2d 824, and cases there cited.

Complaint is made of the following argument: "You know they take bags to a depot or bus station and leave them there in a safe place. I want to tell you that the very law, the very duty on which we come into this court is the fact that that man was a paid passenger of that company. He paid them for the privilege of having his bags checked and for the privilege of having their servant. * * * (Objection and overruled) * * * paid for the privilege and they are engaged in that business, and let me tell you, a citizen that goes out and pays a bus company money and becomes a passenger, when he does that, they assume the duty of checking his baggage and taking care of his property for him. Gentlemen, they can't do that without assuming a duty when they do." on the ground it "in substance told the jury that as a matter of law the bus company assumed the duty of taking plaintiff's bags to a depot or bus station".

And the following argument: "They wanted to know something about this man. If they doubted the facts about his earning capacity, we have had that petition on file here for months and it alleged how much he had been making, that he had been making $100.00 a week and now was making $25.00, and don't you know if it is wrong they would have had some proof on it."

The suggestion here is plaintiff is trying to bolster his case by arguing the defendant had failed to disprove his allega-

tions on his earning capacity prior to and since the accident. When the objection was made to the above-quoted argument, the court inquired: "What are you referring to?" To which counsel replied: "He said I didn't try to get anything out of the plaintiff. I introduced my evidence about his earning capacity that we have alleged for months.". The objection to the first argument was: "We object to that as improper and prejudicial. It doesn't make any difference whether he paid or didn't pay a fare; that has nothing to do with the suit."

We have carefully analyzed this first argument, and as for that matter the other, sentence by sentence, and as a whole, and are unable to find anything improper or harmful in it.

With respect to the second argument complained about, it is obvious defendant had argued there was little effort made to make proof, and little proof made on his earning capacity before and after the accident. Plaintiff merely testified that he had made $75 to $100 per week for something like a year preceding his injury; that he would say it was an average of $75 a week, and had made $25 since. Both sides elected to leave the testimony in that respect in about that situation. It was sufficient as prima facie, we think, though the jury might have disregarded it. The allegations as to earning capacity as stated in the argument are in the petition and it was read, we may properly assume, to the jury and they knew that. The deduction from what the jury knew was if they doubted the facts— the facts as testified to—about his earning capacity and if the testimony was wrong, they would have had some proof on it. The deduction from what the jury already knew and what was properly before them was one they could and might have easily made themselves. How can it be said, then, any injury can result from something the jury knows, and properly knows, and from what it has already done or may legitimately do? It was another way of saying the proof on earning capacity is true and you have had notice of it for a long time and if not true, it could have been easily refuted. We think the assignments are not well taken and they are overruled.

The last complaint is the verdict is excessive. The verdict and judgment is for $6,000. The serious injury was to the left wrist. The doctor, testified he had a fragmented fracture to the left distal end—a bent back, dinner-fork deformity. The fracture was some three-quarters of an inch above the hand and extended into the wrist joint cavity. The doctor testified a joint fracture is more serious than ordinary fractures, "because it disrupts the continuity on the joint surface". The doctor had made three X-rays of the wrist. The second on April 13, 1944 and the last on the day of the trial, December 4, 1944. He testified the dinner-fork deformity is permanent and the final result a "traumatic arthritis" painful on movement which will leave a certain residue permanent element; that time will tell the amount of trouble, but there will always be some.

The plaintiff testified to pain and discomfort in his wrist and his inability to use it except in lighter work than he had been accustomed to. He was a pipe-liner, doing heavy work, at the time of and before his injury. Since he had done some carpenter work, some painting and some plumbing but not any very heavy work that involved considerable muscular power and exertion. He was 56 years old at the time of his injury, but a strong healthy man.

The doctor testified to a bruised hip and leg, injuries to the soft structures of the ligaments and nerves. Plaintiff testified his right hip and leg were bruised from the hip to the ankle and to the left from the knee to the ankle. and that he had suffered continuous pain in his right hip and his left wrist.

There is nothing in the record suggestive of any passion or prejudice on the part of the jury. In times past, $6,000 was considered a sizeable sum of money. In more recent years, it is a rather modest sum in times of high wages and living standards. The jury were as competent as any others to judge the future.

In 1920, in the case of Chicago, R. I. & G. R. Co. v. Trout, Tex.Civ.App., 224 S.W. 472, a very similar injury was involved. The injured party was a farmer and laborer 42 years of age. The opinion does not disclose the nature of his work nor his earnings, except that he was working on a freight car picking up and loading telegraph poles along the line. It was held in that case (writ dismissed) that $5,500 was not excessive. We are of the opinion the verdict in this case is not excessive under the status of the record.

We think there is no reversible error in the record and the judgment of the trial court is affirmed.

PRICE, Chief Justice.

I concur in the disposition of this case but desire to briefly state my views on two points.

This highway was 100 feet in width. In the center thereof was a paved strip 18 to 20 feet in width. Taking the testimony of defendant's driver, the bus was stopped a considerable distance from the west curb. Under the evidence, there was no reason why it should not have been stopped at the curb. The natural and probable result of leaving the baggage on the traveled portion of the highway was that plaintiff would immediately remove same and in so doing would be and was exposed to danger from south-bound traffic. The disembarkation of plaintiff and the delivery of his baggage was one inseparable act. When defendant drove off leaving plaintiff in the traveled highway struggling with four suitcases, it rendered his situation more dangerous. While standing where it stopped, the lights of the bus and its bulk afforded him some protection and rendered the hazard of his course to reach the safety of the sidewalk shorter. The verdict as to the negligence of defendant is amply sustained by the evidence.

It is my thought that under the evidence the issue as to the intervention of a new and independent cause is not in the case. The negligence complained of is breach of duty to guard against the very source and cause of the injury. An injury so caused can not be said to be the result of a new and independent cause. Negligence as to the act or omission may be an issue of fact and if this quality be wanting, the issue of a new and independent cause is immaterial and not in the case. If negligence be found to exist, the basis of such finding is failure to guard against the very peril that directly caused the damage. The only, or in any event, the most probable danger in alighting from a vehicle in the traveled portion of the street is being struck by another vehicle passing along the street. Defendant, if negligent, was so because it exposed plaintiff to a realizable danger from traffic on the highway. A necessary result of leaving the four pieces of luggage in the traveled portion of the street was to increase his peril. The negligence of defendant was operative at the very moment of the collision and at least concurred in bringing same about.

The above conclusion is not founded upon a retrospective view in the light of the verdict returned but is based on the state of the evidence before submission. Justification for finding the defendant's act negligence rests solely on the anticipation of the operation of the direct cause of his damage or injury. It is thought the issue of new and independent cause was not in the case. See Vol. 2, Restatement Law of Torts, Section 449, and comment thereunder.

McGILL, Justice.

I concur in affirmance of the Trial Court's judgment. Defendant's requested special issue No. 14 relating to new and independent cause which was refused is copied in Judge Sutton's opinion. The only pleading referring to new and independent cause was "Further specially answering, in the alternative defendant says the collision in question was an unavoidable accident, or a new and independent cause, or both". It is apparent that no facts were pled which tended to show that the collision was the result of a new and independent cause. In my opinion an issue of new and independent cause was raised by the evidence which showed that plaintiff was struck by Greer's automobile. Whether such act of Greer constituted negligence on his part or not is immaterial. True, the determinative element of such issue is the same as that involved in Special Issue No. 2, which the court submitted, inquiring whether placing the baggage on the traveled portion of the highway constituted negligence, i. e. the element of foreseeability. For such act to have constituted negligence of the defendant, it must have been reasonably foreseeable that plaintiff would be struck by southbound traffic on the highway; for Greer's act in striking plaintiff with his automobile to have constituted a new and independent cause as to defendant's negligence, it must not have been reasonably forseeable. In other words, implicit in the finding of negligence is the finding that defendant's employee could have reasonably foreseen that plaintiff would be struck by southbound traffic; implicit in a finding that Greer's striking plaintiff with his automobile constituted a new and independent cause of the collision would have been a finding that defendant's employee could not have reasonably foreseen that plaintiff would be struck by Greer's automobile which was southbound on the highway. Also, included in the court's definition of "proximate cause" was the requirement

that it be "that cause which in natural and continuous sequence, unbroken by any new and independent cause produces the injury", and included in his definition of "new and independent cause" was the requirement that it be an act or omission "which the defendant in the exercise of ordinary care would not have foreseen". Therefore, implicit in Special Issue No. 3, submitting proximate cause was the element of foreseeability included in the issue of new and independent cause which the court refused to submit.

It is well settled that a litigant is not entitled to have two issues submitted which are opposites, one to the other. Workmen's Loan & Finance Co. v. Dunn, Tex.Civ. App., 134 S.W.2d 370 and cases cited. It has also been said where the defendant relied upon the same event, the same circumstances and the same facts to establish its defense of new and independent cause as it did to establish its defense of sole proximate cause that an affirmative submission of the latter defense would embrace every conceivable element of the former and the court would not be required to submit the former. Dallas Ry. & Terminal Co. v. Stewart, Tex.Civ.App., 128 S.W.2d 443. This rule was applied where issues of unavoidable accident and sole proximate cause were submitted and an issue of new and independent cause refused in Dallas Ry. & Terminal Co. v. Latham, Tex.Civ.App., 143 S.W.2d 824 (writ refused, W.O.M.) and where an issue of unavoidable accident was submitted and one of new and independent cause refused in Williams v. Rodocker, Tex.Civ. App., 84 S.W.2d 556, 558, which did not reach the Supreme Court. The issues of negligence, proximate cause and new and independent cause are separate and distinct issues. Negligence and proximate cause form the basis of liability. New and independent cause is a ground of defense. The fact that findings of negligence and proximate cause would indirectly negative a finding of new and independent cause could not deprive defendant of its right to have its defense of new and independent cause affirmatively submitted; Greer v. Thaman, Tex.Com.App., 55 S.W.2d 519; Texas Indemnity Ins. Co. v. Thibodeaux, 129 Tex. 655, 106 S.W.2d 268; and other authorities cited in Workmen's Loan & Finance Co. v. Dunn, supra.

As above pointed out, there was no pleading of any facts showing that the col-lision was the result of a new and independent cause, the negative of which defendant requested the court to submit. Rule 67, T.R.C.P., expressly provides "that written pleadings, before the time of submission, shall be necessary to the submission of special issues, as is provided in Rules 277 and 279" which refer to "special issues raised by the written pleadings" and "controlling issues made by the written pleadings" respectively. Although the issue of new and independent cause may have been tried by implied consent within the purview of the other portion of Rule 67, yet no amendment of the pleadings was made nor leave to amend requested as therein provided.

Apparently such portion of Rule 67 was not intended to apply to cases where special issues are submitted. Foxworth-Galbraith Co. v. Southwestern Contracting Corporation, Tex.Civ.App., 165 S.W.2d 221, loc. cit. 224 – 1st Col. (DWM). To apply such portion of Rule 67 to such cases, would nullify the proviso of the Rule above quoted. For this reason the court did not err in refusing to submit defendant's Special Requested Issue No. 14.

### On Motion for Rehearing.

McGILL, Justice (dissenting).

On further consideration, I have concluded that we erred in affirming the judgment in this case. For the reasons stated in my concurring opinion, I am convinced that an issue of new and independent cause was raised by the evidence. I adhere to that portion of my concurring opinion dealing with this question and cite Reeves v. Tittle, Tex.Civ.App., 129 S.W.2d 364 (writ refused). In that case, one of the acts of negligence which the jury found was a proximate cause of plaintiff's injuries was that Reeves let her out of the bus in the middle of the road where she was struck by Forrester's car. The opinion, which was approved by refusal of the writ, seems to me to concede that an issue of new and independent cause was raised. I am unable to discern any substantial distinction on this point between the facts of this case and the case at bar.

In Schumacher Co. v. Shooter, 132 Tex. 560, 124 S.W.2d 857, 859 (Comm.App.) cited by appellant in its motion for rehearing, it is said that: "It is settled that a general plea of contributory negligence not excepted to is sufficient to warrant sub-

mission of the issue either generally or in such respective groups of issues as may be made by the evidence, if submission is requested" and it was held that the Court of Civil Appeals erred in holding that the trial court did not err in refusing to submit three groups of special issues requested by defendant which were designed to ascertain whether some one of the acts of the driver inquired about was the sole proximate cause of the collision. In that case contributory negligence was plead generally only. None of the acts sought to be inquired about by the requested issues was specifically alleged. There can be no substantial difference in this respect between a plea of contributory negligence and a plea of new and independent cause.

The defendant here alleged no facts tending to show that the collision was a result of a new and independent cause. However, it did make the general allegation that "the collision in question was an unavoidable accident or new and independent cause or both". This allegation, liberally construed, was a sufficient allegation that the collision was the result of a new and independent cause and, in the absence of a special exception, was sufficient written pleading to require the submission of the issue of new and independent cause generally as requested within the purview of Rule 67, T.R.C.P.

It has been suggested that because of the form in which defendant's Requested Special Issue No. 14 was presented, the court did not err in refusing it. It is true that under Rule 279, T.R.C.P., failure to submit an issue is not ground for a reversal unless its submission in substantially correct wording has been requested. It is also true that generally special issues should be restricted so as to elicit findings on specific facts or groups of facts. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517. But where the defendant, as here, requested a finding generally as to whether the collision in question was not the result of a new and independent cause, and the only possible new and independent cause raised by the evidence was Greer's act in striking plaintiff with his automobile; and no spe-

cific fact or group of facts was pleaded as constituting a new and independent cause and the general allegation, in effect that the collision was the result of a new and independent cause was not excepted to, the request was in substantially correct wording within the purview of Rule 279. To hold otherwise would nullify the well-settled rule stated in Schumacher Co. v. Shooter, supra, to effect that a general plea not excepted to is sufficient to warrant submission of a defensive issue generally.

I am unwilling to follow the holding in Williams v. Rodocker, Tex.Civ.App., 84 S.W.2d 556, to effect that the submission of the issue of unavoidable accident obviated the necessity of submitting an issue as to new and independent cause when raised by the evidence and properly requested, since no distinguishing facts constituting unavoidable accident and new and independent cause were alleged. The issue of unavoidable accident can arise only in the absence of facts showing negligence. An issue of new and independent cause can arise only where negligence is shown. The language of the opinion in Dallas Ry. & Terminal Co. v. Stewart, Tex.Civ.App., 128 S.W.2d 443 as applied to the facts of that case in which an issue of unavoidable accident was submitted and answered favorably to the plaintiff, in my opinion supports this view.

If it be conceded that the issue of new and independent cause was, under the court's definition of proximate cause, submitted and passed on by submission of and the finding on the issue of proximate cause, yet the issue of new and independent cause was not affirmatively submitted as a defense for appellant as were the issues of sole proximate cause in Reeves v. Tittle, supra, but only as a basis of recovery for appellee. Vide, Dallas Ry. & Terminal Co. v. Stewart, supra, Tex.Civ.App., loc. cit. 128 S.W.2d 445, last column.

I am therefore of the opinion that the court's refusal to submit appellant's requested Issue No. 14 requires a reversal and that the motion for rehearing should be granted, the judgment reversed, and the cause remanded.