**GERMAN, Plaintiff, v. MUSKINGUM VALLEY TRANSIT COMPANY, Defendant.**

Common Pleas Court, Muskingum County.

No. 36098.   Decided March 17, 1950.

Lemert & Lemert, Zanesville, Collis Gundy Lane, Columbus, for plaintiff.

Meyer, Johnson & Kincaid, Zanesville, for defendant.

## OPINION

By CROSSLAND, J:—

The above case is before the court on demurrer to the petition on the ground that the facts therein contained do not constitute a cause of action in favor of plaintiff and against the defendant.

The petition recites that plaintiff was an elderly woman past 71 years of age, whose ticket or passage on defendant's bus was from Zanesville to Mt. Sterling over U. S. Highway No. 40 and who told the bus driver that she wanted off at Mt. Sterling; that through the carelessness and negligence of defendant she was carried beyond her destination a considerable distance, to a point near the village of Hopewell, where she was discharged in darkness; that she was compelled to and attempted to walk easterly along the gravel berm of the highway to Mt. Sterling, on the north berm so as to face approaching traffic; which was heavy both where she was discharged and where she was struck by a passing vehicle, near the edge of the berm, at a point about one-fourth to one-half mile from the point of discharge.

Do the foregoing allegations recite a prima facie case of cause and effect as a natural and probable sequence of events?

It is elementary that plaintiff is entitled to the indulgence of every reasonable inference in favor of the sufficiency of her allegations and that, for the purpose of the court's present consideration, plaintiff's said allegations are accepted as true.

"The allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties."

**Sec. 11345 GC.**

"For the purpose of testing the legal sufficiency of a petition upon demurrer, a court must indulge every reasonable inference, from the facts alleged, to sustain the petition." Gugle v. Loeser, 143 Oh St 362, 4th syl.

The controlling issue is that of proximate cause, which is not always determined by the immediate proximity either of time or occurrence, but, if not, is necessarily associated with an origin giving natural and probable inception or causation to the moment and happening of the immediate event, which reasonably prudent persons are obliged to anticipate under the facts and circumstances attending at the place and occurrence of origin.

Is it natural and probable that a woman of 71, who is discharged from a public bus in darkness and heavy traffic on a national highway at a point beyond her indicated destination will, while proceeding to her intended destination on foot on the highway berm, be struck by a passing motorist at a point 1/4 to 1/2 mile from the point of such discharge?

If the answer to the foregoing is in the affirmative, is it material or pertinent thereto to be able to determine or to determine whether or not there was liability therefor by such passing motorist, or, in other words, actionable negligence or the absence thereof on the part of such motorist?

There is, of course, no averment in the petition concerning the liability or non-liability of the passing motorist. It is conceivable that he may be wholly unidentified and unidentifiable, any issue of his liability or non-liability may be unresolved or unresolvable. In any event, in this case, the situation of the passing vehicle presents an unknown and uncertain factor, at least at this point. Is such fact and the omission of affirmative allegations relating thereto fatal to the statement of plaintiff's case?

To state the latter question another way, is it necessary or optional with plaintiff, if she otherwise recites a cause of action, to also aver or establish a cause of action against the party whose immediate act occasioned her injuries? Or, in other words, must plaintiff allege joint or concurrent liability or may she simply assert liability against one of such possible parties defendant, irrespective of whether or not joint or concurrent liability is possible, providing that she otherwise states a cause of action against the defendant named?

The court believes that the question posed in the preceding three paragraphs is answered in **Larson v. Cleveland Railway Company, 142 Oh St, 20,** the third syllabus of which reads as follows:

"Where a person is wrongfully injured at the hands of two or more persons acting in concert, or acting independently but concurrently in causing a single injury, each of the wrongdoers is severally liable to such person for the full amount of the damage occasioned thereby and the person injured may enforce his claim therefor in an action against all of them jointly, or any of them severally, or any number of them less than the whole."

The law governing the question posed concerning defendant's separate, several or exclusive (at plaintiff's option) liability to plaintiff, in this case, on plaintiff's allegations in her petition, is pointed up in the following discussion of Ohio law as derived from Ohio cases cited in the foot notes thereto.

"The responsibility of an individual for his acts is not limited to their immediate effects. He is liable also for their natural and probable consequences. Nor is it material whether those consequences come from the acts alone, or from them, and subsequent independent forces operating with them, provided those forces are of a sort reasonably to be anticipated. The test is to be found in the probable injurious consequences to be anticipated, and not in the number of subsequent event and agencies that may arise. Any number of causes and effects may intervene between the first wrongful cause and the final injurious consequences, and if they are such as might with reasonable diligence have been foreseen, the last result, as well as the first, and each intermediate result, are to be considered in law as a proximate result of the first wrongful cause. The act of a third person, which intervenes and constitutes a condition necessary to

the injurious effect of the original negligence, will not excuse the first wrongdoer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury." 29 O. Jur., 496, Sec. 79, on Negligence.

Adverting to the presumption in favor of the sufficiency of plaintiff's petition and the assumed truth in fact of her allegations, the question of proximate cause is for the jury at this stage of the pleadings, which may or may not so remain upon and after the submission of evidence, depending upon the nature, substance and extent of the material disclosures so revealed.

The first syllabus of Texas, New Mexico and Oklahoma Coaches, Inc. v. Williams, decided by the Texas Court of Civil Appeals, August 2, 1945, and reported in 191 S. W. 2nd. 66, reads. as follows:

"Generally carriers are under the duty to discharge their passengers at a safe place and when so discharged the relationship is terminated, and if discharged in an unsafe place the relationship is terminated when the passenger, in. the exercise of ordinary care for his own safety, has had a. reasonable opportunity to reach a place of safety."

Blashfield, Vol. 4, page 19, Sec. 2142, based on the foregoing case, says:

"The rule has been applied that where a passenger is discharged in an unsafe place, the relationship of carrier and passenger is not terminated until the passenger, in the exercise of ordinary care, for his own safety, has had a reasonable opportunity to reach a place of safety."

The same author on page 147, Sec. 2172, again predicated on the Texas case, says:

"Where the carrier, however, has not performed its duty to provide a safe place to alight, and has discharged a passenger at an unsafe place, such as the traveled portion of a street or highway, the carrier's liability may continue, it has been held, until the passenger, in the exercise of ordinary care for his own safety, has had a reasonable opportunity to reach a place of safety."

Defendant's demurrer to the petition is overruled, accordingly, and exception granted defendant, with leave to defendant of thirty days in which to answer.